IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-5359 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                         March 30, 2009

      Upon consideration of the brief in support of request for review filed by plaintiff (Doc. Nos. 10 & 11)[1] and defendant's response thereto (Doc. No. 16), the court makes the following findings and conclusions:

      1.    On September 26, 2005, Jose Williams ("Williams") filed for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, alleging an onset date of June 1, 2002. (Tr. 66). After an initial decision by an ALJ, a remand from the Appeals Council, and an administrative hearing held on May 5, 2007 before the ALJ, Williams' claims were denied. (Tr. 4-6; 19-26; 35-38; 229-64). After the Appeals Council declined to review the decision, pursuant to 42 U.S.C. § 405(g), Williams filed his complaint in this court on December 27, 2007. (Tr. 7-10).

      2.    In his June 22, 2007 decision, the ALJ concluded, *inter alia*, that while Williams had a moderate mental limitation, there was no evidence that it met the one year durational requirement for severity at step two of the sequential analysis. (Tr. 22 ¶¶ 4-5; 25 Finding 2).[2] Therefore, the ALJ concluded that Williams was not disabled. (Tr. 25 ¶ 3; 25 Finding 3).

      3.    The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir.

---

[1] Plaintiff mistakenly filed a motion for summary judgment and a brief in support thereof. Pursuant to the procedural order entered in this case, I will consider these documents as a brief in support of review of his claim.

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

1979).  It is more than a mere scintilla but may be less than a preponderance.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

    4. Williams claims that the ALJ erred in finding that his mental impairment was not severe because it did not meet the one year durational requirement.  I agree with Williams, thus, the case must be remanded in order for the ALJ to re-assess whether Williams' mental impairment is severe.  Under the regulations, an impairment is only severe if, *inter alia*, it "has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(i); 20 C.F.R. § 416.909.  In his decision, the ALJ concluded that Williams' mental impairment did not meet the durational requirement because he believed that there were only two relevant supportive medical records which covered a period of only five weeks.  (Tr. 22 ¶¶ 2, 4).  These two records consist of a five day admission at Girard Medical Center from October 21, 2006 to October 26, 2006 and documents from Williams' admission to Temple University Hospital on November 26, 2006. (Tr. 126-60; 161-88).  However, as noted by Williams, the ALJ neglected to consider records from Haddington Health Center dated August 20, 2003 through January 26, 2005 which record treatment for, *inter alia*, his mental impairment.  (Tr. 90-93).  Thus, it is highly likely that Williams' mental impairment did, in fact, meet the durational requirement.

    Citing no relevant legal authority, defendant makes a baseless argument that the ALJ was not required to consider the Haddington Health Center records.  Defendant reasons that since Williams is not eligible to collect SSI benefits for any month prior to when he filed his application (in this case, September 26, 2005), the severity durational period should also begin on his application date.  Thus, defendant contends, the Haddington Health Center records dating from August 20, 2003 through January 26, 2005 are not relevant in determining whether Williams' impairment met the durational requirement of the severity analysis.

    This simply is not the law.  It is well established, as documented in the first substantive sentence of S.S.R. 82-52, that the durational requirement starts from the claimant's onset date.  S.S.R. 82-52; see e.g. Wiederholt v. Barnhart, 121 Fed. Appx. 833, 837-38 (10th Cir. 2005) (finding that the relevant date is the onset date); Swanson v. Sec'y of Health and Human Servs., 763 F.2d 1061, 1065 (9th Cir. 1985) (finding same).  In this case, Williams' undisputed onset date is June 1, 2002, which obviously encompasses the Haddington Health Center records.  Moreover, it is equally obvious that the ALJ was not laboring under defendant's bizarre misapprehension as he clearly stated that "the record, however, contains no evidence for the one-year period *from the alleged onset date* to October, 2006, and then no evidence since November, 2006." (Tr. 22 ¶ 4) (emphasis added).  It is readily apparent that the ALJ failed to consider all of the relevant evidence regarding Williams' mental impairment.

    5. Because the ALJ legally erred by failing to evaluate all of the relevant evidence, this case must be remanded in order for the ALJ to re-assess, using all available relevant evidence, whether Williams' mental impairment was severe.

    An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-5359 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**ORDER**

AND NOW, this 30th day of March, 2009, upon consideration of the brief in support of request for review filed by plaintiff (Doc. Nos. 10 & 11) and defendant's response thereto (Doc. No. 16), and having found after careful and independent consideration of the record that the Commissioner's determination was not legally sufficient, it is concluded that the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g). Therefore, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF, REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only and the relief sought by Plaintiff is **GRANTED** to the extent that the matter is **REMANDED** for further proceedings consistent with this adjudication; and

2. The Clerk of Court is hereby directed to mark this case closed.

_S/ Lowell A. Reed, Jr.____
LOWELL A. REED, JR., Sr. J.